**Mary GALIOTTI, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security,[1] Respondent–Appellee.**

No. 06–5913–cv.

United States Court of Appeals, Second Circuit.

Feb. 25, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Commissioner of Social Security Michael J. Astrue has been substituted for former Acting Commissioner of Social Security Linda S. McMahon as the respondent in this case.

Mark M. McDonald, Bond & McDonald P.C., Geneva, NY, for Plaintiff–Appellant.

Arthur Swerdloff, Special Assistant U.S. Attorney, and Barbara L. Spivak, Chief Counsel—Region II, Office of the General Counsel, Social Security Administration for Terrance P. Flynn, United States Attorney, Western District of New York, for Respondent–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Mary Galiotti appeals from a final judgment of the United States District Court for the Western District of New York (Telesca, *J.*), granting the Respondent–Appellee's motion for judgment on the pleadings upholding the Commissioner's denial of disability benefits under the Social Security Act. We presume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In disability cases, "[w]e review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Acierno v. Barnhart,* 475 F.3d 77, 80–81 (2d Cir.2007) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). "Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart,* 362 F.3d 28, 31 (2d Cir.2004) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)) (per curiam). Although we will not accept "an unreasoned rejection of all the medical evidence

in a claimant's favor," the Commissioner need not "reconcile explicitly every conflicting shred of medical testimony." *Fiorello v. Heckler,* 725 F.2d 174, 176 (2d Cir. 1983). When there is a conflict in the medical evidence, we leave it for the finder of fact to resolve, and "[w]here the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart,* 312 F.3d 578, 586 (2d Cir.2002).

The Administrative Law Judge developed a substantial record based on reports by Galiotti's treating and consultative physicians from 1997 to 2005. The ALJ found that Galiotti "retain[ed] a residual functional capacity for less than the full range of sedentary work," a range circumscribed by, *inter alia,* her ability to only "occasional[ly] reach[ ] and feel[ ] with the [right] hand," and a "moderate limitation in her ability to concentrate, maintain attention for extended periods, and keep up a pace, as a function of pain." This assessment was supported by substantial evidence.

Galiotti argues that the ALJ should have given controlling weight to the views of Dr. Donovan Holder, her treating physician from 2004 to 2005, who determined that both of her arms and hands were impaired, that her pain would "frequently" impact "attention and concentration needed to perform even simple work tasks," and that she was likely to be absent from work, on average, more than four days per month due to her impairments. We will not give controlling weight to the views of the treating physician where, as here, these views are "not consistent with other substantial evidence in the record, such as the opinions of other medical experts." *Halloran,* 362 F.3d at 32. Dr. Arlen Snyder, who treated Galiotti from 1987 to 2003

and performed her three carpal tunnel release surgeries, reported in 2003 that Galiotti demonstrated "good improvement" following the surgery on her left hand and was "certainly ... not totally disabled." Because reports by Dr. Snyder and consultative physicians noted in the record support the ALJ's residual functional capacity assessment, the ALJ did not err by not giving Holder's opinion controlling weight.

We also find that substantial evidence in the record supports the ALJ's determination that other jobs exist in significant numbers in the national economy that Galiotti may perform consistent with her residual functional capacity, age, education, and work experience. Galiotti contends that the ALJ erred by accepting the testimony of the vocational expert to draw this conclusion. She first argues that the ALJ failed to provide the vocational expert with a hypothetical detailing her specific limitations when asking about the work that a person with her limitations could perform. We find this claim to be without merit. The ALJ asked the vocational expert about the type of full-time work that could be performed by a hypothetical person with the limitations described in the Residual Functional Capacity Questionnaire, which set forth Dr. Holder's characterization of Galiotti's limitations, not the less generous residual functional capacity determination adopted by the ALJ.

Second, Galiotti argues that the ALJ erred by finding the vocational expert credible because he was unable to specify how he arrived at the number of jobs available in the economy for the positions of security surveillance monitor and information clerk, which he testified that she could perform despite her impairments. We find this claim unpersuasive. The vo-

cational expert identified the sources he generally consulted to determine such figures. Galiotti has not pointed to any applicable regulation or decision of this Court requiring a vocational expert to identify with greater specificity the source of his figures or to provide supporting documentation.

We have considered Galiotti's other arguments and find, substantially for the reasons set forth in the district court's opinion, that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.